IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL RAE MOORE,

        Plaintiff,

vs.                                      CIVIL NO. 98-434 M/LFG

CHUCK HAMILTON and DIXINE SULLINS,

        Defendants.

## MEMORANDUM AND ORDER
## DENYING APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff, Michael Rae Moore's ("Moore"), May 8, 1998 motion for appointment of counsel [Doc. 3]. No response to this motion is necessary.

There exists neither a constitutional nor a statutory right to appointment of counsel in an employment discrimination case. Poindexter v. F.B.I., 737 F.2d 1173 (D.C. Cir. 1984); Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). However, Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e) *et. seq.*, provides that a court may, in the exercise of its broad discretion, appoint counsel for a plaintiff. Castner v. Colorado Springs Cablevision, 979 F.2d 1417 (10th Cir. 1992). In making a determination on whether to appoint counsel, the Court considers the request in the light of numerous factors: (1) the party requesting counsel must make an affirmative showing of financial inability to pay for counsel; (2) the party must demonstrate diligence in attempting to secure counsel; (3) the party must demonstrate meritorious allegations of discrimination; and (4) the party must demonstrate an inability to proceed with the case without the assistance of counsel. In addition to these factors, the Court must also balance congressional concern

with legal representation in Title VII actions with the fact that Congress has not provided any mechanism, process or funds for a court to pay appointed counsel. Jenkins v. Chemical Bank, 721 F.2d 876 (2nd Cir. 1983).

Moore satisfied the first prong of the Castner test by virtue of the Court authorizing her to proceed in forma pauperis. [Doc. 2].[1] Moore has not provided sufficient information on the second Castner consideration. Moore contends that she has been unable to secure counsel and that attorney Gilbert Vigil was the only attorney who would take her case, but, subsequently, he withdrew. However, she has failed to provide specific information of her efforts to secure substitute counsel. The Court will require Moore to provide, by separate letter addressed only to the Court and not to opposing counsel, information concerning the name of the attorneys whom she contacted, her or his office address and telephone number, the date on which the contact was made, and the specific reason given by counsel for declining to take the case. This information is necessary for the Court to determine whether Moore has been diligent in her efforts to secure counsel. Further, Moore must disclose whether she sought assistance from publicly funded programs that provide free legal services to those who meet eligibility guidelines or from the pro bono legal services programs offered through the State Bar. There is no showing that Moore has sought to avail herself of these options.

---

[1] The order authorizing in forma pauperis status may have been entered in error. On page 2 of the application, the Court read Moore's statement, "I am only hired temporarily, for contracted jobs." and understood that to mean that her employment was temporary. However, page 1 of her application indicates that she is employed at Western Technologies in Albuquerque as a lab technician and earns $2,000 per month. Moore has no dependents and only minimal expenses. Under these conditions, she would not qualify as an indigent. However, because the Court authorized the filing of the complaint, at present, it will consider Moore indigent. The Court does require Moore to supplement her affidavit within ten days to clarify if she is a full-time, permanent employee or, indeed, a temporary contract employee, and to provide any further information on assets and liabilities that is relevant to her indigent status.

The Court's third consideration concerns whether there are meritorious allegations of discrimination.  The thrust of Moore's claim is that her employer, Dixine Sullins ("Sullins") was engaged in an extra marital affair with Moore's spouse.  The affair resulted in the destruction of Moore's marital relationship, and, ultimately, with her spouse moving in with Sullins.  As a result of these acts, Moore contends that Sullins fired her.  Thus, by Moore's own claims, the reason for her termination was because her employer was having an affair with her spouse, and not because of Moore's protected status under law.

Title VII of the Civil Rights Act prohibits an employer from discriminating against an employee on the basis of sex "with respect to [her] compensation, terms, conditions or privileges of employment."  42 U.S.C. § 2000(e)-2(a)(1).  Smith v. Norwest Financial Acceptance, Inc., 129 F.3d 1408 (10th Cir. 1997).  The protections afforded under federal law are specific and deal with action taken against an employee on the basis of the employee's protected status under law.  Unless the employer's action against Moore was based on Moore's protected status, i.e., gender, it is not illegal under 42 U.S.C. § 2000(e).  Here, accepting Moore's allegations as true, it appears that the illicit liaison between Sullins and Moore's husband was the reason for the adverse employment action, not Moore's gender.  While the law does not sanction immorality or bad behavior, it simply does not proscribe that conduct as violative of Title VII.  Even harassment against an individual, unless it is based on the individual's protected status, is not a violation of law.  Bolden v. PRC., Inc., 43 F.3d 545 (10th Cir. 1994), *cert. denied*, 516 U.S. 826 (1995).  Stated otherwise, Title VII of the Civil Rights Act does not protect an employee against an employer's unfair, immoral, crude, boorish, insensitive or rude treatment unless the employer's conduct, in turn, is based on the employee's Title VII status.  See, e.g., Snider v. Circle K Corp., 923 F.2d 1404 (10th Cir. 1991).

While the Court will reserve ruling until an appropriate motion is presented on whether Moore has stated a claim sufficient to withstand Fed. R. Civ. P. 12(b)(6) scrutiny, or until the Court can conduct its own thorough *sua sponte* review for frivolousness under 28 U.S.C. § 1915, suffice to say, that, at this time, the Court questions whether Moore has stated an actionable claim under Title VII law.

The last Castner consideration is Moore's ability to proceed in the case without the assistance of counsel. Moore filed a complaint identifying her claims and causes of action, raising both colorable federal claims and pendent state claims. Moore submitted letter requests asking that all proceedings be conducted in Las Cruces, New Mexico and, further, submitted a letter request seeking the appointment of counsel. To date, Moore is proceeding appropriately without the benefit of counsel. She has not demonstrated that she is unable to proceed with the prosecution of her case without the assistance of counsel. Undoubtedly, the quality of representation would be enhanced if Moore was represented by an attorney. Nevertheless, Moore has demonstrated an ability to argue her position and to proceed without the services of an attorney.

The Court will allow Moore an additional ten days within which to submit specific information concerning her attempts to secure counsel and any further information she deems relevant on the fourth prong of the Castner v. Colorado Springs Cablevision test.[2] That is, information on the issue of whether Moore is able to proceed in this case without the assistance of counsel. Moore should submit that information to the Court by way of sealed affidavit. Upon receipt of that information, the Court will consider Moore's request and balance that request with the fact that Congress has not provided any process, mechanism or funds to pay for counsel. Jenkins v. Chemical Bank. The Court

---

[2] This submission is in addition to the supplementary affidavit concerning Moore's employment.

4

will determine whether the hardship imposed on an attorney appointed by the Court without compensation is outweighed by Moore's need to have counsel. The Court's consideration of those competing equities will occur only after Moore is able to make an affirmative, meritorious showing as required. Because no showing has been made at this time, and based on the status of the pleading, the Court determines that Moore is not entitled to court-appointed counsel.

                                                    */s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge